# WILLIAM T. SMITHSON

*vs.*

# EDWIN M. STANTON.

---

1. A motion under the 40th Rule of Court to produce documents or papers on the trial of the cause is premature if made before the cause is at issue.
2. Such a motion will also be overruled when it does not appear that the opposite party is in possession or control of the papers or documents.
3. The 40th Rule of Court does not apply where the production of papers is sought in aid of a personal action to recover damages for a tort.

Special Term. At Law. No. 2724. Decided June 29, 1869.

MOTION by defendant that plaintiff be required to produce certain letters and records for inspection by defendant.

Mr. WM. Y. FENDALL for the motion.

Messrs. HUGHES, DENVER, and PECK *contra.*

Mr. Justice WYLIE delivered the opinion of the Court:

The plaintiff moves in this case that before pleading he be granted oyer, inspection, and copies of the several records, orders and letters mentioned, |and pleaded in the first, second and third special pleas of the defendant, and specifies the several letters and records referred to in the first and second of defendant's pleas.

The third of these pleas contains no reference to any letters or records.

The motion is made under the 40th Rule of this court, which is as follows:

"A party to an action at law having in his possession or power books or writings, containing evidence pertinent to the issue, may be required by order of the court to pro-

duce the same on trial, on motion, and due notice thereof being given in cases, and under circumstances where parties might be compelled to produce the same by the ordinary rules of procedure in chancery.

" If the plaintiff fail to comply with such order, the court may, on motion, give the like judgment for the defendant, as-in case of non-suit.

" If the plaintiff fail to comply, the court may, on motion, give judgment against him by default."

The language and form of this rule are identical with those of the 15th section of the judicial act of the 24th of September, 1789, which is applicable only to the courts of the United States created by that act, and not to this court.

The motion is overruled for the following reasons:

1. Because it is premature; the rule requires that the cause shall be at issue before order can be made, and the pleadings in this action have not yet reached that point. Until the cause is at issue, by the pleadings, the court cannot tell whether or not the production of documents can be of the slightest consequence to the party applying for their production. In the present case the defendant pleads, in substance, that he was justified in ordering the seizure of the plaintiff's property and the imprisonment of his person, because the defendant at the time was Secretary of War and the plaintiff was engaged in treasonable correspondence with the enemy, and was a spy for the enemy within the intrenched lines of the Government forces and in the capital of the nation during a period of war, and as evidence of the truth of the plea sets out copies of certain letters, alleged to have been written by the plaintiff to the enemy, signed in a fictitious name. It was wholly unnecessary to set out this evidence in the pleas. Indeed, it is a fault in his pleading. But the plaintiff must know whether he was the author of the letters in question without their production. He knows also whether, in fact, he was engaged as a spy for the enemy, giving him intelligence pre-

judicial to the government of his country in a time of war. The production of the letters, therefore, cannot be necessary to enable him even to prepare his replication.

2. The motion is refused also, for the reason that it has not been shown, or even alleged, that the original letters in question are in the possession, or under the control, of the defendant. The pleas of the defendant aver that they came to his knowledge and possession as Secretary of War, and it is judicially known to the court that Mr. Stanton is no longer connected with the Government in that capacity.

The letters must be presumed to be at present among the archives of the Government; and, if so, are quite as accessible for inspection by the plaintiff as by the defendant.

3. The professed object of the motion is to compel the production of the papers in question in aid of an action for a tort. I have been referred to no authority where this has ever been done, and have found none myself. In Glynn vs. Houston, 1 Keene, Ch. R., 329, the court expressly refused to sustain a bill of discovery for that object.

In that case the bill stated that in the year 1831 the plaintiff, Charles Glynn, was resident at Gibraltar as a British merchant, and that the defendant, Lieutenant General Sir William Houston, was, at that time, governor of that station; that under pretext of searching for one General Torrigos, a subject of Spain, whom the defendant alleged he was desirous to seize and capture, the defendant ordered Lieutenant Colonel Muir, with a party of soldiers, to search the private dwelling house of the plaintiff; and that in pursuance of such order, a detachment of soldiers under command of said Lieutenant Colonel Muir did surround and blockade the premises of the plaintiff, and prevented any person from quitting the same during several hours, and searched the said dwelling house and the premises adjoining. And that the plaintiff in attempting to go out of his dwelling house was opposed by force and coercion of the soldiers, one of whom presented the bayonet

and threatened to wound and kill the plaintiff if he should persist in attempting to quit his house; that the said General Torrigos was not, and had not been, on the plaintiff's premises, and that there was no foundation whatever for such search and illegal proceedings.

The bill contained a charge that the defendant had in his possession divers deeds, military and other orders, reports, books, letters, and other parties' writings, &c., as to which it prayed a discovery.

The defendant put in a general demurrer to the bill. The Master of the Rolls, Lord Langdale, after the argument was closed, expressed at once a very decided inclination to sustain the demurrer, and said: "The first question which arises from this demurrer is, whether this is a case of such a nature as gives the plaintiff a right to discovery. I asked in the course of the argument whether any instance could be cited of a bill of discovery in aid of an action brought to recover damages for a mere personal tort, and the answer which was given to me confirmed me in the impression that such a bill could not be sustained. I will look into the authorities which have been cited, and dispose of the case to-morrow."

At the next sitting of the court, his Lordship said: "I have looked into the authorities which tend much to confirm my opinion that a bill of discovery cannot be sustained in aid of an action for a mere personal tort."

The decision in this case, however, was not placed by the Master of the Rolls on this ground alone, but mainly also on the ground that the evidence sought for by the bill might be made the subject of a criminal charge against the defendant—a ground of objection even stronger in the case under consideration than it was in that decided by the eminent Master of the Rolls.

As to the records of the court martial and of this court of which the motion craved oyer, I am of opinion that oyer cannot be given, notwithstanding defendant may have made

profert of one or both of said records in his pleas.    The rule is laid down by Stephen in his work on Pleading, page 67, as follows: " Oyer is said to have been formerly demandable not only of deeds, but of records alleged in pleading ; but, by the present practice, it is not now granted of a record, and can be had only in the case of deeds, probates, and letters of administration, &c., of which profert is made on the other side; of private writings not under seal oyer has never been demandable."    Again, this author says: " If profert be unnecessarily made, this does not entitle to oyer."

The authority of Mr. Stephen is quite conclusive on these points.

*The motion is refused.*